# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**VINCENT PATRICK SHERLEY,**

    Petitioner,

v.
                                                       **CIVIL ACTION NO. 2:16-CV-61**
                                                       **(BAILEY)**

**JENNIFER SAAD,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 28]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on March 27, 2017, wherein he recommends this Court deny and dismiss without prejudice the 28 U.S.C. § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on March 29, 2017 [Doc. 29]. The petitioner timely filed his Objections on April 17, 2017 [Doc. 31]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. This Court will review the remaining portions of the R&R for clear error.

## **Discussion**

Petitioner was arrested on September 20, 2005, in Kentucky on several state charges. He was on parole at the time and remained in the custody of the State of Kentucky. Petitioner's parole was revoked in October of 2005.

On November 8, 2005, petitioner was indicted in the United States District Court for the Western District of Kentucky, for Felon in Possession of a Firearm. On January 12, 2006, the United States Marshals Service took temporary custody of the petitioner pursuant to a writ of habeas corpus *ad prosequendum* to be federally prosecuted. Petitioner was released from his parole sentence on April 10, 2006, while in the temporary custody of the Marshals; however, a state detainer remained in place for the state charges incurred on September 20, 2005. On October 6, 2008, the Western District of Kentucky sentenced petitioner to a term of 180 months' imprisonment for being a Felon in Possession of a firearm.

On October 28, 2008, petitioner was returned to state custody with the federal sentence lodged as a detainer. On December 7, 2009, petitioner was sentenced in state court to 5 years' imprisonment. The state court ordered this sentence to run concurrent

with petitioner's federal sentence. Petitioner was credited with time served from September 29, 2005, through December 7, 2009. Accordingly, the state ordered that petitioner had completed his five year sentence, and on December 8, 2009, petitioner was turned back over to the Marshals pursuant to the federal detainer. The only days petitioner spent in state custody which were not credited toward his state sentence were September 20, 2005, through September 28, 2005, which days were credited toward his federal sentence.

Petitioner maintains that the Bureau of Prisons ("BOP") has not credited him the correct amount of time served in computing his federal sentence. A federal sentence, however, commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). And the mere fact that a state prisoner is in federal court on a federal writ of habeas corpus *ad prosequendum* does not mean the prisoner's federal sentence has commenced. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. See **Thomas v. Whalen**, 962 F.2d 358, 361 n.3 (4th Cir. 1992). Additionally, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See **United States v. Brown**, 977 F.2d 574 (4th Cir. 1992). Finally, it is the province of the BOP to calculate a prisoner's sentence. See **United States v. Wilson**, 503 U.S. 329 (1992).

Here, petitioner was in the custody of the State of Kentucky until his state sentence was completed on December 7, 2009. Subsequently, he was released to the custody of

3

the United States Marshals Service on December 8, 2009, pursuant to the federal detainer that had been lodged. As such, his federal sentence commenced December 8, 2009.

At the outset, petitioner states that he strongly objects to the entire R&R. Such blanket objections need not be addressed by this Court. Petitioner proceeds to refine his objection to argue his position that with educational and vocational programs and good time conduct his five year state sentence would really only have been two years. While this may be a common practice in the state penal system, this Court is not going to speculate as to why the defendant was in state custody until December of 2009. This Court is only concerned with the date his federal sentenced commenced.

Further, as the R&R notes, the BOP computation center sought the sentencing judge's opinion regarding a retroactive designation for the defendant's sentences to run concurrent, but he did not respond. As such, in the absence of the sentencing judge issuing an order for a *nunc pro tunc* designation, the BOP was within its discretion not to designate the state prison *nunc pro tunc*. Therefore, the R&R correctly concluded that the petitioner has received the maximum credit to which he is entitled under 18 U.S.C. § 3585(b). Accordingly, the petitioner's Objections are **OVERRULED**.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 28]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Doc. 31]** are **OVERRULED**. The respondent's Motion to Dismiss or for Summary Judgment **[Doc. 19]** is **GRANTED**. Accordingly, the petitioner's § 2241 petition **[Doc. 1]**

is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability on the dismissed claims, finding that he has failed to make "a substantial showing of the denial of a constitutional right" on these claims.  See 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 18, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE